Good morning, your honors. May it please the court, my name is Aubrey Webb. I represent the appellant Lamont Shepard. If the court will allow, I'd like to reserve time for rebuttal. The district court erred by granting judgment as a matter of law in the middle of trial in favor of defendant Garcia. And the district court reasoned that Mr. Shepard had inartfully pled this claim against defendant Garcia and that there was no evidence or any allegation that defendant Garcia ever touched Mr. Shepard. Well, suppose you're right about that in theory. Where does it get you? Because the jury found in favor of all the defendants, actually including Garcia, but even leaving that aside, they found that there was no excessive force used. So how could there possibly be a way for your client to prevail when the whole theory is that somebody else was using excessive force and Garcia stood by because we now know that there wasn't any excessive force? Correct, Judge. And that's the threshold issue. I agree. I don't really believe that's in dispute about the court granting judgment as a matter of law for the wrong reason. The issue is how can this claim be reinstated when there's been a jury finding. And my response is twofold. One, if we agree that his claim was dismissed incorrectly at the middle as a judgment as a matter of law, he should get the benefit of the inference that there was an underlying excessive force violation. But why? We now know that there wasn't. There's a valid jury verdict that says there was no excessive force used by the people primarily allegedly responsible for that. And wouldn't if there were a trial, wouldn't Garcia be entitled to an instruction saying that a previous jury has already found that these other defendants did not use any excessive force? Judge, my response to that is when you say the validity of the verdict, I assert that I question the validity. And I do that for one reason. It's because Defendant Garcia's name was left on the verdict form. And this goes beyond That doesn't make the fact-finding with respect to the other defendants somehow attackable. But I argue it does, Judge. Why? Well, by analogy, if I'm a plaintiff and I sue three doctors, and one doctor is dismissed as a judgment as a matter of law midway through trial, but his name is left on the verdict form, when I'm making arguments, I can't mention that doctor because he's been dismissed, and defendants won't either. But when the jury goes back to the other defendants, I can't mention that doctor because he's been dismissed, and defendants won't either. But to go back to your example, if Doctors I and II are the only ones who actually performed the surgery, and Doctor III is alleged only to have watched and not given better advice, and a jury has found that Doctors I and II were not negligent in any way, what difference does it make if Doctor III gave good advice, no advice, or bad advice? Because it's a spillover effect, because you have a jury going back in the jury room deliberating on a defendant who's been dismissed. And there's no we have no way of knowing what effect that had. They're questioning defendant Garcia's liability. He's already been dismissed, and they're wondering, well, he wasn't mentioned at closing. He's not in the courtroom, but here he is on the verdict form. And that my argument is that's a spillover. How does that spill over to the people who allegedly actually did the things to your client? I think it affects, it taints all, it taints Mr. Shepard's claims in general. Do you have any authority directly supporting your position? Not, Judge, no, the only, the case that I cited in the reply brief was the Amaya case where the verdict form was, it was a two-step process, and the verdict form did not have a checkmark for guilty, but then it had checkmarks for the points of the conspiracy, which the Sixth Circuit upheld that that verdict form was, it didn't, it brought into question the integrity and fairness of the verdict form. And that's simply my argument here with a pro se client trying to go through a Federal trial, having his one defendant dismissed as error, it prejudices his claims in general. That doesn't strike me as a directly comparable case, though, because here, as Judge Graber has pointed out, your client, Garcia's alleged participation was just passive. He was the lookout. That was your client's position. He didn't ever claim that Garcia actually beat him. And he doesn't have to. And that goes to some of the confusion that the district judge had when all he has to do is make the, put the defendant on notice, do his complaint, that he's saying you failed to intervene. You had to do, you could have intervened, you had a reason to intervene, you had an opportunity to claim. And that's the error. Right. That's why the district court probably erred in granting summary judgment to Garcia. But the question is, is it harmless because the trial, it went to trial as to all the other defendants who allegedly beat your client, and the jury found they had not. Correct. And again, my response is, he should, I know there's been a jury finding. He should get the benefit of the inference that there was an underlying constitutional violation, as he would in the middle of trial when deciding a judgment as a matter of law. The same way, it's the same standard for summary judgment. And my argument, again, is the validity of the verdict. You left the court, it goes beyond a scrivener's error or clerical, to leave a defendant's name on a verdict form, to have a jury debating, you know, his liability. And I know they came back with a finding, but. Well, we can excise that finding, but the logic of the remaining findings about the proper defendants is that they didn't do anything wrong. And failing to intervene against people who aren't doing anything wrong doesn't give your client any relief. I guess that's my problem with it. Even assuming that Garcia should have stayed in the case or his name should have come off the verdict form, something should have been clarifying. But I fail to see now how your client could get any relief. Judge, I don't believe he's collateral stop was applicable here. And that issue. He may not be able to prove the elements of his case. If his theory is, you did not intervene to stop something bad and the jury said nothing bad happened, then how can you be liable for not intervening against nothing bad? Again, my argument is that when they made that finding as to the other defendants, his claims were prejudiced by the mistake on the verdict form. He's handicapped. He's handcuffed at closing argument. He's not mentioning that. And yet the jury is going back and deciding that. And so my argument is that it spills over into his prosecution of the remaining defendants. I'm confused. Are you saying that the entire jury verdict is invalid and that the entire case has to be remanded for neutrality? No. No, Your Honor. I'm just saying Mr. Garcia's, Defendant Garcia's claim, I disbelieve in the verdict. But just hang on a second. So if you're not challenging the validity of the verdict as to the other defendants, and that verdict is going to stand, and I don't even think you've appealed that, so it seems to me that's inevitable. Correct. Then there was no underlying constitutional violation that's been determined. Your client is not going to be able to relitigate that issue. And it's quite clear, I think, that a failure to intervene claim requires an underlying constitutional violation, just as Judge Graber said. So your client is not — it's not even like there would be another trial here. If we sent this back to the magistrate judge, the first thing the defendant would do is move for some kind of motion for judgment as a matter of law on the basis of issue preclusion, and that would be the end of the case. And I don't believe that's applicable in this case. It would — I'm asking for the reinstatement of Mr. Defendant Garcia's claim, not to the other claims. But I still — I do question the validity of the verdict, and I won't — But you just said you're not attacking the validity of the verdict as to the other defendants. Right. That is going to stand. And I'm saying that verdict conclusively resolves an issue on which your client would have to prevail in order to go forward against the remaining defendant. And he's not going to be able to relitigate that now. And my argument is he would be allowed to relitigate that. The claim would only be for Defendant Garcia. It wouldn't be as to the other — I still believe a trial could occur. How do you distinguish the Seventh Circuit 2005 decision in Harper v. Albert? It seems like a very similar situation. The quote is, And I agree. There has to be an underlying constitutional violation. And my argument is Harper is distinguishable because in Harper, there wasn't this issue with the verdict form being incorrect. So your whole case hinges on this verdict form error of leaving Garcia's name on there. And also that he should get — Mr. Shepard should get the benefit of the summary judgment standard that there was — there's an inference that there was an underlying constitutional violation. No, but that inference disappears when the jury — when the jury renders a verdict on the — that claim about the excessive force by the people who actually allegedly beat your client. Judge, I — Your Honor, I'd also argue that in totality, if you view the defendants — even if the jury made a finding as to each individual defendant that they didn't use excessive force, if his claim was retried for failure to intervene, in totality, the individual defendants — the jury could find that they — there was an underlying constitutional violation in totality and that Defendant Garcia failed to intervene. I think we understand your position. Did you want to save some rebuttal time? Yes, I'll save time for rebuttal. Thank you. Good morning, Your Honors. Jose Zeldon Cepeda, Attorney General's Office for Defendant Garcia. I'd be happy to address any specific questions that the panel might have. Otherwise, I think it's pretty clear that our argument came across that the jury verdict is conclusive as to any claim against Defendant Garcia. As Judge Gilman pointed out, Harper v. Albert out of the Seventh Circuit is directly on point. Once there's a jury verdict, that informs anything that happens in the case. And a failure to intervene claim requires an underlying violation. It's the same thing as a supervised reliability claim. There can be no supervised reliability if there's no underlying violation. There's this other Ninth Circuit case that's relatively recent that's very similar but not quite on point. It's called A.D. v. California Highway Patrol. It's 712 F. 3rd. 446. And basically that says in the context of qualified immunity, once a jury verdict is found adversely for a defendant, the defendant can't go back and say the district court erroneously denied me qualified immunity. It's a very similar situation here. I just wanted to address the fact that, as Judge Graber pointed out, the fact that Defendant Garcia's name was left on the verdict, it's not problematic. The court can just excise that. And it's further evidence that there was no proper claim against Defendant Garcia. So unless there's any questions? I don't believe that we do. Thank you. Mr. Webb, did you wish to? Thank you. The case just argued is submitted. We appreciate the arguments of both counsel and in particular, again, appreciate Pro Bono counsel being willing to take on this case. It's very helpful to the court.
judges: Gilman, Graber, Watford